**E-Filed 5/17/11**

1

2

3

4

5

6              UNITED STATES DISTRICT COURT

7             NORTHERN DISTRICT OF CALIFORNIA

8                   SAN JOSE DIVISION

9

10

|  |  |
|---|---|
| CLOVERDALE RANCHERIA OF POMO INDIANS OF CALIFORNIA, a formerly federally recognized Indian Tribe, JAVIER MARTINEZ; SARAH GOODWIN; LENETTE LAIWA-BROWN; GERAD SANTANA and JOHN TRIPPO, in their official capacities as members of the Cloverdale Rancheria of Pomo Indians of California Tribal Council; and COMMITTEE TO ORGANIZE THE CLOVERDALE RANCHERIA GOVERNMENT, and unincorporated association, | Case No. 5:10-cv-1605 JF/PVT<br><br>ORDER[1] GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION; TERMINATING MOTION TO INTERVENE AS MOOT |

Plaintiffs,

v.

KENNETH L. SALAZAR, et al.,

Defendants.

Plaintiffs bring the instant action under the Administrative Procedure Act (APA), 5

U.S.C. §§ 551, *et seq.*, and 701, *et seq.*, seeking a writ of mandamus compelling Defendants to

recognize what Plaintiffs claim is the duly authorized government of the Cloverdale Rancheria of

Pomo Indians.  Defendants move to dismiss the action for lack of subject-matter jurisdiction,

contending that Plaintiffs have not challenged "final agency action" as that term is used in the

---

[1] This disposition is not designated for publication in the official reports.

1   APA.  Proposed intervenors, who also claim to represent the Cloverdale Rancheria of Pomo

2   Indians, move to intervene in the action and for sanctions against Plaintiffs.  For the reasons

3   discussed below, the Court concludes that it is without jurisdiction to hear the claims currently

4   before it and will grant Defendants' motion to dismiss the action.[2]  The motion to intervene and

5   motion for sanctions will be terminated without prejudice as moot.

6                                    **I.  FACTUAL BACKGROUND**

7          In 1921, the United States government purchased the 27.5 acres comprising the

8   Cloverdale Rancheria for the use of the Cloverdale Pomo Indians.  (FAC ¶ 23.)  In 1958,

9   Congress enacted the California Rancheria Act ("Rancheria Act" or "the Act"), Pub. L. 85-671,

10  72 Stat. 619, *amended by* Pub. L. 88-419, 78 Stat. 390.  The Rancheria Act provided that the lands

11  and other assets of certain specified Indian Rancherias, including the Cloverdale Rancheria, were

12  to be distributed to the members of each rancheria and the federal trust relationship dissolved.

13  (FAC ¶ 26.)  Federal supervision of the Cloverdale Rancheria and the Cloverdale Pomo Indians

14  subsequently was terminated.  (FAC ¶ 27.)

15         In 1979, a class action suit was brought against the United States on behalf of the

16  distributees of seventeen of the Indian Rancherias terminated under the California Rancheria Act,

17  including those of Cloverdale Rancheria.  *Tillie Hardwick, et al. v. United States of America, et*

18  *al.*, No. C-79-1710 (N.D. Cal.) ("*Hardwick*").  The plaintiffs in that case asserted that the manner

19  in which the United States terminated federal supervision of the tribes violated the Rancheria Act.

20  On December 22, 1983, the parties entered into a Stipulated Judgment certifying a class

21  consisting of all persons who received any of the assets of certain rancherias, including the

22  Cloverdale Rancheria, and restoring them to the status of Indians under the laws of the United

23  States. (FAC ¶ 29.)  The stipulated judgement provides that:

24                 The Secretary of the Interior shall recognize the Indian Tribes,
                   Bands, Communities or groups of the [the listed rancherias] as

25  ────────────────────────

26         [2]  While the instant motions were pending, Plaintiffs filed a motion seeking leave to file a
    second amended complaint.  (*See* Docket No. 62.)  That motion is set to be heard on June 24,

27  2011.  This order is without prejudice with respect to whether the Court has jurisdiction to hear

28  Plaintiffs' proposed additional claims.

                                                    2

1
2
3

> Indian entities with the same status they possessed prior to
> distribution of the assets of these Rancherias under the California
> Rancheria Act, and said Tribes, Bands[,] Communities and groups
> shall be included on the Bureau of Indian Affairs' Federal Register
> list of recognized tribal entities.

4  (*Id.*)  The Cloverdale Rancheria was returned to the list of federally recognized tribes on February

5  13, 1983, and it remains on the list. (FAC ¶ 30.)

6         The organization of a tribal government for the Cloverdale Rancheria has been the subject

7  of prolonged dispute, much of which is not necessary to relate for purposes of this motion.  It is

8  relevant, however, that on April 1, 1997, the Department of Interior's Board of Indian Appeals

9  ("IBIA") dissolved the recognition of two competing governments claiming to represent the

10  Cloverdale Rancheria and determined that the only individuals entitled to participate in the

11  reorganization of a tribal government were members of the *Hardwick* class, including

12  distributees, dependent members, and lineal descendants of distributees or dependent members.

13  *Alan-Wilson v. Sacramento Area Director*, 30 IBIA 241, 257 (1997) ("*Alan-Wilson I*").  The IBIA

14  directed the Area Director to facilitate discussions with all individuals recognized as eligible to

15  organize the Cloverdale Rancheria's tribal government under *Hardwick*.  *Id.*  On November 8,

16  1997, a meeting  of eligible persons was organized by the BIA Sacramento Area Tribal

17  Operations Officer.  *See Alan-Wilson v. Acting Sacramento Area Director*, 33 IBIA 55 (1998)

18  ("*Alan-Wilson II*").  The attendees at the meeting passed a resolution supporting a tribal council

19  elected on June 1, 1996 ("June 1996 Interim Council") as their interim governing body.  *Id.*  The

20  June 1996 Interim Council then was recognized by the Area Director as the rightful governing

21  body of the Cloverdale Rancheria.  *Id.*  That decision was upheld in subsequent litigation.  *See id.*;

22  *see also Alan-Wilson v. United States*, No. C-9601037 CW (N.D. Cal.) (Judgment Sept. 16,

23  1999), *aff'd sub nom Cloverdale Rancheria of Pomo Indians of California v. United States*, 23

24  Fed. Appx. 819 (9th Cir. 2001).

25         However, disputes over the government of the Rancheria continued.  Plaintiffs contend

26  that the June 1996 Interim Tribal Council took various actions–including expanding tribal

27  membership, holding tribal elections, and adopting a constitution–without proper notice or

28

3

1  authority from those authorized to organize the Rancheria's government.  (*See* FAC ¶¶ 40-47.)

2  On March 12, 2008, the BIA's Central California Agency Superintendent declined to approve the

3  constitution adopted by the Interim Council, because it was not adopted by the class of

4  individuals identified in *Hardwick*.  (FAC Ex. 6.)  Meanwhile, in 2007, the Committee to

5  Organize the Cloverdale Rancheria Government began its own efforts to conduct elections.  (FAC

6  ¶ 58.)  The Committee claims to have worked with officials and staff of the BIA to identify a

7  complete list of *Hardwick* class members who are eligible to participate, and to have held

8  elections in December 2008 and January 2009 adopting a constitution and electing a tribal council

9  ("January 2009 Council").  (FAC ¶ 58-63.)

10  ## II.  PROCEDURAL BACKGROUND

11  On March 25, 2009, Plaintiffs made a formal request to the Central California Agency

12  Superintendent to recognize their formal organization of the Cloverdale Rancheria, including the

13  December 2008 constitution and January 2009 Council.  On April 2, 2009, in response to a

14  request from the BIA, Plaintiffs filed a clarification of their request for recognition confirming

15  that they were not seeking a secretarial election under the Indian Reorganization Act, 25 U.S.C. §

16  476(a), but rather recognition of the 2009 Council as a matter of inherent tribal sovereignty under

17  25 U.S.C. § 476(h).  (FAC Ex. 4-B.)  On June 19, 2009, the Central California Agency

18  Superintendent denied Plaintiffs' request, stating that the BIA had no authority to give recognition

19  to a tribal governing document. (FAC Ex. 4-C.)  Plaintiffs filed an appeal, with respect to which

20  the BIA Regional Director was required by regulation to issue a decision not later than December

21  1, 2009.  (FAC Ex. 4-D.)

22  The Regional Director did not issue a timely decision on Plaintiffs' appeal, and Plaintiffs

23  filed the instant action on April 14, 2010, alleging that Defendants unlawfully denied recognition

24  of the tribal government and unlawfully failed to decide their appeal.  (Dkt. 1.)  On June 2, 2010,

25  the Regional Director issued a decision upholding the Superintendent's decision, finding that

26  there was insufficient documentation to establish that only *Hardwick* class members had voted in

27  the election, and that there was no basis upon which the BIA could determine whether only

28

Case No. 5:10-cv-1605 JF/PVT
ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION; TERMINATING
MOTION TO INTERVENE AS MOOT
(JFLC3)

1  eligible individuals participated because there was no request for a secretarial election or evidence

2  that the tribe had conferred any authority on the BIA concerning the validity of its elections.

3  (FAC Ex.8.)  On July 6, 2010, Plaintiffs appealed the Regional Director's decision to the IBIA.

4  (FAC Ex. 9.)

5       On July 9, 2010, Plaintiffs filed an amended complaint in this action alleging three claims

6  for relief.  First, Plaintiffs allege that Defendants were obligated under *Hardwick* to provide

7  necessary and appropriate assistance to their efforts to organize the government of the Cloverdale

8  Rancheria, and unlawfully have failed to perform such actions.  Second, Plaintiffs claim that

9  Defendants were obligated to recognize their duly authorized organization of the Rancheria and

10  unlawfully have failed to do so.  Third, Plaintiffs allege that Defendants violated their equal

11  protection rights by failing to treat them in the same manner as other tribes in the Harwick

12  plaintiff class.

13       On October 8, 2010, after hearing argument on the instant motions, the Court asked

14  Defendants to seek expedited consideration of Plaintiffs' administrative appeal by the Interior

15  Board of Indian Appeals ("IBIA") and stayed the case for ninety days.  Eighty-nine days later, on

16  January 5, 2011, the Regional Director of the BIA petitioned the IBIA to expedite consideration

17  of Plaintiffs' administrative appeal.  On February 1, 2011, the IBIA issued an order denying the

18  request for expedited consideration.

19                   **III. STANDARD OF REVIEW**

20  **A.**    **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

21       Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss a complaint for

22  lack of subject matter jurisdiction.  The plaintiff bears the initial burden of proving that subject

23  matter jurisdiction exists.  *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

24  **B.**    **Jurisdiction Under the APA**

25       The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or

26  adversely affected or aggrieved by agency action within the meaning of a relevant statute."  5

27  U.S.C. § 706.  However, a federal court has authority to review only "final agency action"

28

Case No. 5:10-cv-1605 JF/PVT
ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION; TERMINATING
MOTION TO INTERVENE AS MOOT
(JFLC3)

1    pursuant to 5 U.S.C. § 704, unless another statute provides a right of action.  *Oregon Natural*

2    *Desert Ass'n v. U.S. Forest Service*, 465 F.3d 977, 982 (9th Cir. 2006).   Courts also have

3    authority to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C.

4    § 706(1).  However, "a claim under § 706(1) can proceed, only where a plaintiff asserts that an

5    agency failed to take a *discrete* agency action that it is *required* to take."  *Hells Canyon*

6    *Preservation Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (2010) (quoting *Norton v. Southern*

7    *Utah Wilderness Alliance* (*SUWA*), 542 U.S. 55, 64 (2004)).  A court's power to "compel agency

8    action" is carefully circumscribed to situations where an agency has ignored a specific legislative

9    command.  *Id.*  The Supreme Court made clear that a "'failure to act' is not the same thing as a

10   'denial.'"  *SUWA*, 542 U.S. at 63.  Finally, a court does not reach the question of whether a delay

11   in taking action was unreasonable until it has found that the agency has failed to take a discrete,

12   non-discretionary action.  *See id.* at 63 n.1 ("[A] delay cannot be unreasonable with respect to an

13   action that is not required.").

14                                **IV. DISCUSSION**

15          Defendants move to dismiss Plaintiffs' amended complaint for lack of subject matter

16   jurisdiction, alleging that Plaintiffs failed to exhaust their administrative remedies as required by

17   § 704 of the APA.  However, Plaintiffs have disclaimed any challenge to the agency's decision of

18   June 19, 2009 or June 2, 2010.  Pl.'s Op. at 6 n.4.  Instead, they argue that Defendants were

19   legally required both as a matter of general federal Indian law and under *Hardwick* to recognize

20   the Cloverdale Rancheria–and in particular to recognize the results of the 2008 and 2009 elections

21   conducted by the Committee–and unreasonably have delayed taking that action.  *Id.* at 8.  They

22   rely upon § 706(1) of the APA, which grants the Court  authority to "compel agency action

23   unlawfully withheld or unreasonably delayed."

24          Plaintiffs note correctly that "[w]here an agency has failed to take action it is legally

25   required to take, or has unreasonably delayed in taking such action, the APA authorizes a

26   reviewing court to provide relief."  *Id.* (citing *SUWA*, 542 U.S. at 63-64 & n.1).  However, in

27   *SUWA*, the Supreme Court made clear that in order to bring suit against an agency for failing to

28

                                        6

act, a plaintiff must show that the agency has ignored a specific legislative command.  Plaintiffs have not made that showing here.

First, Plaintiffs claim that Defendants were "legally required to recognize a Cloverdale Rancheria tribal government" as a matter of general federal Indian law.  Pl.'s Op. at 8.  Plaintiffs do not point to a specific legislative command for this proposition; instead, they refer to the expansive provision 25 U.S.C. § 2, which grants the Secretary power to manage "all Indian affairs and [] all matters arising out of Indian relations."  While they do cite three cases that emphasize the Department of Interior's responsibility to assist in resolution of disputes within tribes, all three cases relate to APA claims challenging final agency action under § 706(2), not the BIA's failure to take a required action under § 706(1).  *Central Valley Miwok Tribe v. United States*, 515 F.3d 1262, 1267 (D.C. Cir. 2008); *Goodface v. Grassrope*, 708 F.2d 335, 339 (8th Cir. 1983); *Tarbell v. Dept. of Interior*, 307 F. Supp. 2d 409, 423 (N.D.N.Y 2004).  In fact, far from supporting Plaintiffs' position that Defendants had a nondiscretionary duty to recognize Plaintiffs' tribal government, *Central Valley Miwok Tribe* emphasized the Interior Department's broad discretion in fulfilling its statutory duties with respect to the recognition of a tribal constitution under 25 U.S.C § 476(h).  515 F.3d at 1267.

It is conceivable that if the Secretary were to fail to respond to Plaintiffs' request for recognition entirely, the delay could eventually constitute final agency action.  *See Cobell v. Norton*, 240 F.3d 1081, 1095 (D.C. Cir. 2001) ("[W]here an agency is under an unequivocal statutory duty to act, failure to act constitutes, in effect, an affirmative act that triggers 'final agency action' review.  Were it otherwise, agencies could effectively prevent judicial review of their policy determinations by simply refusing to take final action." (internal citations and quotation marks omitted)).  However, that is not the case here.  Defendants did not fail to act on Plaintiffs' request; they denied it.

To the extent that Plaintiffs seek to challenge Defendants' failure to recognize the 2009 Council, their claim is better understood as contesting  Defendants' *denial* of recognition rather than a *failure* to recognize.  The Supreme Court has held that an agency's act of saying no to a

1  request properly is challenged under § 706(2) rather than § 706(1).  *SUWA*, 542 U.S. at 63.  The

2  Ninth Circuit has similarly cautioned against the use of § 706(1) as an "attempt to end run" the

3  requirements of § 706(2).  *Hells Canyon Preservation Council*, 593 F.3d. at 933; *See also*

4  *Ecology Ctr., Inc. v. United States Forest Serv.*, 192 F.3d 922 (9th Cir. 1992) (refused to allow

5  plaintiffs to evade the finality requirement with complaints about sufficiency of agency action

6  "dressed up as an agency's failure to act").

7       Plaintiffs claim that Defendants failed to meet their obligations to "assist with the effective

8  organization of the Cloverdale Rancheria government" as requested by *Hardwick* presents a

9  slightly different issue.  While neither party has directed the Court's attention to language from

10  the Stipulated Judgment imposing a specific duty on Defendants to assist in tribal reorganization,

11  Defendants concede that the *Hardwick* Stipulation "included a requirement for the BIA to help

12  the members of the Cloverdale Rancheria 'Hardwick Class' initially organize the government of

13  their tribe."  Def.'s Reply at 3.  Defendants contend, however, that this obligation was fulfilled

14  when the BIA assisted in the November 8, 1997 meeting that resulted in the recognition of the

15  June 1996 Interim Council.  *Id.*  Plaintiffs ask the Court to engage in the "fact intensive" analysis

16  of the six "TRAC factors" to determine if Defendants have unreasonably delayed fulfilling their

17  obligations under *Hardwick*.  Pl.'s Op. at 9 (citing *Telecommunications Research and Action*

18  *Center v. FCC* ("*TRAC*"), 750 F.2d 70 (D.C. Cir. 1984)).

19       Plaintiffs provide no authority to support their contention that an agency's failure to

20  comply with a Stipulated Judgment can give rise to an action *under the APA*.  To the contrary, "a

21  court's ability to 'compel agency action' is carefully circumscribed to situations where an agency

22  has ignored a specific *legislative* command."  *Hells Canyon*, 593 F.3d at 932 (emphasis added).  If

23  Plaintiffs' position is that Defendants have violated a court order, the proper claim for relief

24  would appear to be one for enforcement of that order.

25       Even if Defendants' duties under *Hardwick* could serve as a basis for an APA action,

26  Plaintiffs have not identified a discrete, nondiscretionary command with which Defendants have

27  failed to comply.  The Supreme Court has emphasized that unlike the failure to promulgate a rule

28

Case No. 5:10-cv-1605 JF/PVT
ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION; TERMINATING
MOTION TO INTERVENE AS MOOT
(JFLC3)

1    or take some decision by a statutory deadline "[g]eneral deficiencies in compliance . . . lack the

2    specificity requisite for agency action."  *SUWA*, 542 U.S. at 63, 66.  Even assuming that

3    *Hardwick* does mandate that Defendants assist in creating an "effective organization of the

4    Cloverdale Rancheria," such a command leaves considerable discretion in the hands of the

5    agency.  The APA does not allow courts to engage in "abstract policy disagreements" with federal

6    agencies.  *See id.* at 66.

7                             **V.  CONCLUSION**

8        Good cause therefor appearing, this action is hereby dismissed for lack of subject matter

9    jurisdiction.  Because the Court has determined that it is without jurisdiction to hear Plaintiffs'

10   claims, Proposed Intervenor-Defendant's motion to intervene, and its related motions to dismiss,

11   motion to strike named Plaintiff, and motion for sanctions will be terminated without prejudice as

12   moot.  This order is without prejudice to consideration of Plaintiffs' pending motion for leave to

13   file a second amended complaint.

14

15

16   **IT IS SO ORDERED.**

17   DATED: May 17, 2011

18                          JEREMY FOGEL
                             United States District Judge

19

20

21

22

23

24

25

26

27

28

Case No. 5:10-cv-1605 JF/PVT
ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION; TERMINATING
MOTION TO INTERVENE AS MOOT
(JFLC3)